## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT—EASTERN DIVISION OF ILLINOIS

| | |
|---|---|
| **KENTRAYLE ADAMS** <br> **Plaintiff,** | ) <br> ) <br> ) |
| vs. | ) <br> ) |
| **BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, UNIVERSITY OF ILLINOIS AT CHICAGO, UNIVERSITY OF ILLINOIS AT CHICAGO HEALTH, and LAKISHA STAMPLEY** <br> **Defendants.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT AT LAW

Now comes the Plaintiff Kentrayle Adams, by his attorney Dan Walker of the Dan Walker Law Office and for his Complaint at Law states as follows:

1. This is an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1) and (3), as amended by Title I of the Civil Rights Act of 1991 ("Title VII") and under the Illinois Human Rights Act 775 ILCS 5/2-102 to correct unlawful employment practices on the basis of sex undertaken by all Defendants, and to provide appropriate relief to Plaintiff Kentrayle Adams (hereafter "Plaintiff Adams").

2. Sexual harassment is a form of sex discrimination that violates Title VII and the Illinois Human Rights Act 775 ILCS 5/2-102. Unwelcome sexual advances and other verbal or physical conduct of a sexual nature constitute sexual harassment to the extent it affects an individual's employment, unreasonably interferes with an individual's work performance, or creates an intimidating, hostile, or offensive work environment. This action seeks to provide appropriate relief to Plaintiff Adams on this basis.

1

3. Title VII and the Illinois Human Rights Act also bars retaliation against employees who seek to correct unlawful employment practices because of sex undertaken by Defendants. This action seeks to provide appropriate relief to Plaintiff Adams on this basis.

4. As alleged below, Defendants engaged in unlawful employment discrimination against Plaintiffs on the basis of his sex, and/or harassed and/or tolerated sexual harassment against him, and/or retaliated against him under Title VII and the Illinois Human Rights Act..

## JURISDICTION

5. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 133 pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e-5(f) (1) and (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

6. Plaintiff Adams has complied with all jurisdictional prerequisites and conditions precedent to action under Title VII of the Civil Rights Act of 1964, by timely filing a charge of discrimination with the EEOC on October 6, 2023. See Exhibit A attached hereto.

7. Plaintiff received Notice of Right to Sue from the Equal Employment Opportunity Commission on December 3, 2024. See Exhibit B attached hereto.

8. This Court has supplemental jurisdiction over any other claims Plaintiff could make pursuant to 28 U.S.C. §1337 and §1367 because they would form part of the same case or controversy as the aforementioned claims.

9. Venue in this judicial district is proper, by virtue of 28 U.S.C. §1391, as Plaintiffs worked for Defendants UIC and with Defendant Stampley in Chicago, IL which is in the Eastern District of Illinois, and Defendants live and/or do business in the Eastern District of Illinois.

## PARTIES

10. Plaintiff Adams is an adult citizen of the State of Illinois and resides in Wheeling, IL

11. Defendant Board of Trustees of the University of Illinois, the University of Illinois at Chicago, and the University of Illinois at Chicago Health are citizens of the State of Illinois and located at 1200 W. Harrison St., Chicago, IL 60607. (hereinafter Defendants UIC") They are the owners and operators of the University of Illinois Health/Hospital located at 1740 W. Taylor, Chicago, IL.

12. Defendant Lakisha Stampley n/k/a Winfrey (hereinafter "Defendant Stampley" or "Stampley") was at all times an employee of Defendants UIC. She was at all times employed as a Staff Nurse II. From time to time she was a supervisor of Plaintiff when they worked the same shift and the Administrative Nurse 1 was not present.

## FACTS

12. Plaintiff Adams was employed by Defendants UIC in 2017 when he worked as a mental health Counselor 1. In December 2022 he became a Behavioral Interventionist and currently holds the position of Program Services Specialist.

13. Over the course of his employment with Defendants UIC, Plaintiff encountered sexual harassment on a regular and ongoing basis.

14. Plaintiff Adams was sexually harassed by the actions of an employee of Defendants UIC named Lakisha Stampley (hereafter "Stampley") from 2022 to 2023.

15. The sexual harassment of Plaintiff Adams consisted of the following:

    a. In January 2023, Stampley proposed to Plaintiff Adams that the two of them engage in an extramarital affair.

3

b. After Plaintiff rejected the idea, Stampley continued to communicate with Plaintiff Adams telling him that she was trying to get him off her mind;

c. Stampley persisted in pursuing Adams asking him if he felt the same about her as she did about him, and was she wrong to feel that way about him. He told her that he was not feeling the same way about her.

d. Stampley persisted and texted Plaintiff Adams asking him if he was going to ignore her feelings. The Plaintiff rejected the overture.

e. In February 2023 Stampley pursued communication with Plaintiff Adams by sending text messages that she was thinking of him, that had a winking emoji blowing a heart-shaped kiss,

f. When Plaintiff Adams communicated that it was best for him not to be involved emotionally with Stampley, she replied asking him not to share or discuss her love for him.

g.. After rejecting her advances, Stampley made at least three unfounded complaints about Plaintiff's ethical behavior and work performance in an attempt to sabotage Plaintiff's efforts to be promoted.

h. Stampley's sexual harassment of Plaintiff continued through the summer of 2023

17. In April 2023 Plaintiff made a complaint about Stampley's sexual harassment to Defendants UIC. An additional formal complaint was submitted to UIC against Stampley in January 2025.

18. On April 25, 2023, Plaintiff filed a formal complaint with Defendants UIC's Office of Access and Equity regarding Stampley's sexual harassment.

4

19. On April 26, 2023, Plaintiff interviewed with the Defendants UIC's' Office of Access and Equity (hereafter "OAE") regarding Stampley's sexual harassment. The OAE investigator Shawn Levesque, promised to investigate Plaintiff's claim.

20. After the April 26, 2023, interview, Stampley continued her sexual harassment of Plaintiff Adams by texting him asking him to process his feelings about her, wanting to talk to him, telling him she loves him, and scheduling their lunch breaks to align with one another.

21. From April 26, 2023, until August 30, 2023, Defendant UIC took no action to investigate Plaintiff's claims of sexual harassment and did not contact Stampley and ask her to cease and desist from her harassment of Plaintiff. Defendant's Office of OAE took no action for 4 months because it believed the situation would "blow over."

22. On September 25, 2023, the Director of Human Resources, Nic Krasucki despite the Defendant's no retaliation policy informed the Plaintiff he was being restricted to working on the Adult Psych Unit and was not allowed to enter the Adolescent Psych Unit until further notice. This was even though Plaintiff's job as the Program Services Specialist required him to supervise and oversee both units.

23. On September 25, 2023, the Director of Human Resources, Nic Krasucki told Plaintiff that Stampley had initiated a complaint against Plaintiff and that he would be investigated. This later turned out to be false as there never was a complaint by Stampley nor an investigation into Plaintiff Adam's conduct by the Defendants UIC's OAE.

24. Defendants UIC failed to take any action on the complaint Plaintiff made against Stampley in January 2025.

25. As a direct result of the sexual harassment and the failure of Defendants UIC to take any action to stop the harassment and advances, Plaintiff Adams suffered from emotional distress.

## COUNT I – SEXUAL HARASSMENT

25. Plaintiff Adams realleges and incorporates by reference the above paragraphs 1-25 as if they were fully set forth herein.

26. Defendants UIC unlawfully discriminated against Plaintiff Adams because of his sex when Defendants UIC tolerated the above-described sexual harassment of Plaintiff Adams and/or failed or refused to timely and adequately investigate his internal complaint of sexual harassment, and/or failed or refused to timely and adequately address Defendants UIC's sexual harassment, and/or failed or refused to timely and adequately protect Plaintiff Adams from sexual harassment, in reckless disregard of his federally-protected rights under Title VII of the Civil Rights Act of 1964 as amended.

27. Defendants UIC unlawfully discriminated against Plaintiff Adams because of his sex when they made decisions about Plaintiff Adam's employment, including the decision to relieve him of his responsibility for overseeing the Adolescent Psych Unit, for reasons related to his sex, in reckless disregard of his federally protected rights under Title VII of the Civil Rights Act of 1964 as amended.

28. As a result of Defendants UIC's discrimination and/or sexual harassment, Plaintiff Adams has suffered damages in the form of mental anguish, loss of enjoyment of life, medical expenses, attorney's fees and costs, and other damages that he will establish at trial.

## COUNT II – HOSTILE WORK ENVIRONMENT

29. Plaintiff Adams realleges and incorporates by reference the above paragraphs 1-25 as if they were fully set forth herein.

30. Defendants UIC unlawfully discriminated against Plaintiff Adams on the basis of his sex when Defendants UIC allowed its employee despite knowledge of the sexual harassment to

engage in a pattern of unwelcome sexual advances and/or other verbal conduct of a sexual nature that unreasonably interfered with Plaintiff Adams's work performance and/or created an intimidating, hostile, or offensive work environment, in reckless disregard of his federally-protected rights under Title VII of the Civil Rights Act of 1964 as amended.

31. As a result of Defendants UIC's discrimination and/or sexual harassment, Plaintiff Adams suffered damages in the form of mental anguish, loss of enjoyment of life, medical expenses, attorney's fees and costs and other damages he will establish at trial.

## COUNT III FOR RETALIATION

32. Plaintiff Adams realleges and incorporates by reference the above paragraphs 1-25 as if they were fully set forth herein.

33. Defendants UIC unlawfully retaliated against Plaintiff Adams for lodging a sexual harassment complaint with Defendants UIC OAE in reckless disregard of his federally protected rights under Title VII of the Civil Rights Act of 1964 as amended.

34. As a result of Defendants' discrimination and/or sexual harassment, Plaintiff Adams suffered damages in the form of mental anguish, loss of enjoyment of life, medical expenses, attorney's fees and costs, and other damages he will establish at trial.

## COUNT IV—SEXUAL HARASSMENT UNDER THE ILLINOIS HUMAN RIGHTS ACT

35. Plaintiff realleges and incorporates by referenced paragraphs 1-25 of the Facts Section as if more fully set forth herein.

36. Defendants UIC unlawfully discriminated against Plaintiff Adams because of his sex when Defendants UIC tolerated the above-described sexual harassment of Plaintiff Adams and/or failed or refused to timely and adequately investigate his internal complaint of sexual harassment, and/or failed or refused to timely and adequately address Defendants UIC's sexual harassment,

7

and/or failed or refused to timely and adequately protect Plaintiff Adams from sexual harassment, in reckless disregard of his federally-protected rights under the Illinois Human Rights Act.

37. Defendants UIC unlawfully discriminated against Plaintiff Adams on the basis of his sex when they made decisions about Plaintiff Adams' employment, including the decision to relieve him of his responsibility for overseeing the Adolescent Psych Unit, for reasons related to his sex, in reckless disregard of his rights under the Illinois Human Rights Act.

38. As a result of Defendants UIC's discrimination and/or sexual harassment, Plaintiff Adams has suffered damages in the form of mental anguish, loss of enjoyment of life, medical expenses, attorney's fees and costs, and other damages that he will establish at trial.

## COUNT V-HOSTILE WORK ENVIRONMENT UNDER THE ILLINOIS HUMAN RIGHTS ACT

39. Plaintiff realleges and incorporates by reference paragraphs 1-25 of the Facts Section as if more fully set forth herein.

40. Defendants UIC unlawfully discriminated against Plaintiff Adams because of his sex thereby creating a hostile work environment when Defendants UIC tolerated the above-described sexual harassment of Plaintiff Adams and/or failed or refused to timely and adequately investigate his internal complaint of sexual harassment, and/or failed or refused to timely and adequately address Defendants UIC's sexual harassment, and/or failed or refused to timely and adequately protect Plaintiff Adams from sexual harassment, in reckless disregard of his rights under the Illinois Human Rights Act.

41. Defendants UIC unlawfully discriminated against Plaintiff Adams because of his sex thereby creating a hostile work environment when they made decisions about Plaintiff Adams's employment, including the decision to relieve him of his responsibility for overseeing the

Adolescent Psych Unit, for reasons related to his sex, in reckless disregard of his rights under the Illinois Human Rights Act..

42. As a result of Defendants UIC's discrimination and/or sexual harassment, Plaintiff Adams has suffered damages in the form of mental anguish, loss of enjoyment of life, medical expenses, attorney's fees and costs, and other damages that he will establish at trial.

## COUNT VI FOR RETALIATION UNDER THE ILLINOIS HUMAN RIGHTS ACT

43. Plaintiff Adams realleges and incorporates by reference the above paragraphs 1-25 as if they were fully set forth herein.

44. Defendants UIC unlawfully retaliated against Plaintiff Adams for lodging a sexual harassment complaint with Defendants UIC OEA in reckless disregard of his federally protected rights under Title VII of the Civil Rights Act of 1964 as amended.

45. As a result of Defendants UIC's discrimination and/or sexual harassment, Plaintiff Adams suffered damages in the form of mental anguish, loss of enjoyment of life, medical expenses, attorney's fees and costs, and other damages he will establish at trial.

## COUNT VII—SEXUAL HARASSMENT UNDER THE ILLINOIS HUMAN RIGHTS ACT

46. Plaintiff realleges and incorporates by referenced paragraphs 1-25 of the Facts Section as if more fully set forth herein.

47. At all times Defendant Stampley had a duty to refrain from sexually harassing Plaintiff Adams and other employees of Defendant UIC.

48. As a result of Defendant Stampley's sexual harassment, Plaintiff Adams has suffered damages in the form of mental anguish, loss of enjoyment of life, medical expenses, attorney's fees and costs, and other damages that he will establish at trial.

9

## COUNT VIII-HOSTILE WORK ENVIRONMENT UNDER THE ILLINOIS HUMAN RIGHTS ACT

49. Plaintiff realleges and incorporates by referenced paragraphs 1-25 of the Facts Section as if more fully set forth herein.

50. At all times Defendant Stampley had a duty to refrain from sexually harassing Plaintiff Adams and other employees of Defendant UIC.

51. Defendant Stampley's sexual harassment of Plaintiff Adams and his effort to stop her harassment caused Defendant to make unfounded ethical and work performance complaints against Plaintiff Adams.

52. As a result of Defendants UIC's discrimination and/or sexual harassment, Plaintiff Adams has suffered damages in the form of mental anguish, loss of enjoyment of life, medical expenses, attorney's fees and costs, and other damages that she will establish at trial.

## COUNT VI FOR RETALIATION UNDER THE ILLINOIS HUMAN RIGHTS ACT

53. Plaintiff Adams realleges and incorporates by reference the above paragraphs 1-25 as if they were fully set forth herein.

54. At all times Defendant Stampley had a duty to refrain from sexually harassing Plaintiff Adams and other employees of Defendant UIC.

55. Defendant Stampley's sexual harassment of Plaintiff Adams and his effort to stop her harassment caused Defendant to retaliate against him by making unfounded ethical and work performance complaints against Plaintiff Adams to his superiors.

56. As a result of Defendant Stampley's discrimination and/or sexual harassment, Plaintiff Adams has suffered damages in the form of mental anguish, loss of enjoyment of life, medical expenses, attorney's fees and costs, and other damages that she will establish at trial.

## RELIEF

**WHEREFORE,** Plaintiff Kentrayle Adams respectfully requests that this Court

a. Enter judgment against Defendants UIC and in favor of Plaintiff Kentrayle Adams for compensatory damages;

b. Enter judgment against Defendants UIC and in favor of Plaintiff Kentrayle Adams for other monetary relief;

c. Enter judgment against Defendant Lakisha Stampley and in favor of Kentrayle Adams for compensatory damages;

d. Enter judgment against Defendant Lakisha Stampley and in favor of Kentrayle Adams for other monetary relief;

c. Enter Judgment for such other relief as this court finds just and reasonable.

Respectfully Submitted,

*/s/ Dan Walker*

Dan Walker

Dan Walker
Attorney No. 2921839
Attorney for Kentrayle Adams
211 W. Chicago Ave. #109
Hinsdale, IL 60521
630.920.8800
dan@danlawpc.com

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>EEOC<br>FEPA | Agency(ies) Charge No(s):<br>440-2023-10555 |
|---|---|---|

| Illinois Department Of Human Rights | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name (indicate Mr., Ms., Mrs., Miss, Mx., Dr., Hon., Rev.) | Home Phone | Year of Birth |
|---|---|---|
| Mr. Kentrayle D. Adams | 773-329-9461 | |

Street Address

1581 Teal Ln Apt 2A

WHEELING, IL 60090

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| UI Health | 501+ Employees | |

Street Address

1740 W Taylor Street

CHICAGO, IL 60612

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

Street Address | City, State and ZIP Code

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| Sex | Earliest: 02/19/2023    Latest: 09/25/2023<br>Continuing Action |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began my employment with Respondent in or around November 2017. My most recent position was Program Services Specialist. During my employment, I was subjected to sexual harassment. I complained to Respondent. Subsequently, on or about September 25, 2023, I was restricted to a specific work area.

I believe I was discriminated because of my sex, male, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>**Digitally Signed By: Mr. Kentrayle D. Adams**<br>10/06/2023 | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |
| *Charging Party Signature* | |

**EXHIBIT A**

Page 1 of 2

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Chicago District Office
230 S Dearborn Street
Chicago, IL 60604
(800) 669-4000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 12/03/2024

**To:** Mr. Kentrayle D. Adams
1581 Teal Ln Apt 2A
WHEELING, IL 60090
Charge No: 440-2023-10555

EEOC Representative and email:   SETH BROWN
Investigator
seth.brown@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 440-2023-10555.

On behalf of the Commission,

Digitally Signed By:Amrith Kaur Aakre
12/03/2024
Amrith Kaur Aakre
District Director


EXHIBIT B

Enclosure with EEOC Notice of Closure and Rights (01/22)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 440-2023-10555 to the

Enclosure with EEOC Notice of Closure and Rights (01/22)

District Director at Amrith Kaur Aakre, 230 S Dearborn Street, Chicago, IL 60604.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 440-2023-10555 to the District Director at Amrith Kaur Aakre, 230 S Dearborn Street, Chicago, IL 60604.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.