IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

| | | |
|---|---|---|
| KENTRAYLE ADAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 25-cv-02169 |
| | ) | |
| BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, UNIVERSITY OF ILLINOIS AT CHICAGO, UNIVERSITY OF ILLINOIS AT CHICAGO HEALTH, and LAKISHA STAMPLEY, | ) ) ) ) ) ) ) | Honorable Edmond E. Chang |
| | ) | |
| Defendants. | ) | |

**DEFENDANT LAKISHA STAMPLEY'S CONTESTED
MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT**

The Defendant LAKISHA STAMPLEY (hereinafter referred to as "STAMPLEY") moves this Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss with prejudice the complaint brought against her by the Plaintiff KENTRAYLE ADAMS (hereinafter referred to as "ADAMS") on the grounds that ADAMS (i) failed to file a timely charge of discrimination with the Illinois Department of Human Rights and never received a right to sue letter from that Department and (ii) never identified STAMPLEY in his charge of discrimination filed with the Equal Employment Opportunity Commission. In support of this motion, STAMPLEY states:

1. On March 4, 2025, ADAMS filed suit against, among others, STAMPLEY, in which he seeks to states causes of action against her for (i) sexual harassment under the Illinois Human Rights Act (Count VII), (ii) hostile work environment under the Illinois

1

Human Rights Act (Count VIII) and (iii) for retaliation under the Illinois Human Rights Act (improperly designated as Count VI, but should be Count IX). A true and correct copy of ADAMS' complaint is attached hereto as ***Exhibit A***.

2. ADAMS' complaint stems from a charge of discrimination which he filed with the Equal Employment Opportunity Commission on October 6, 2023 solely against UI HEALTH. A true and correct copy of that charge is attached hereto as ***Exhibit B***.

3. At no time did ADAMS file any type of charge of discrimination before the Illinois Human Rights Commission in which he made a claim against STAMPLEY.

4. It is well settled that courts have no authority to hear actions for alleged violations of the Illinois Human Rights Act and that judicial participation in such claims is limited to a review of final orders issued by the Illinois Human Rights Commission *Jimenez v. Thompson Steel Company, Inc.*, 264 F.Supp.2d 693, 695 (N.D.Ill. 2003).

5. Here, ADAMS does not allege that he exhausted his state administrative remedies and received a final order from the Illinois Human Rights Commission.

6. To the extent that ADAMS would claim that his filing of a complaint with the EEOC and the issuance of a right to sue letter from the EEOC fulfilled his exhaustion requirements, courts have held that a right to sue letter from the EEOC does not serve as a substitute for a final order from the Illinois Human Rights Commission *E.g.*, *Smuk v. Specialty Foods Group, Inc.*, 2015 WL 969969 at 1 (13 C 8282) (N.D.Ill. March 2, 2015).

7. Even assuming, <u>arguendo</u>, that naming a party in an EEOC charge would be sufficient to bring a claim against that party under the Illinois Human Rights Act, Counts VII, VIII and IX should still be dismissed.

8. It is well settled that naming a party in the EEOC charge is a condition precedent to bringing the claim against that party in court *Perkins v. Silverstein,* 939 F.2d 463, 470 (7th Cir. 1991).

9. A party is then put on notice of the claim and is given a chance to remedy the situation *Tomayo v. Blagojevich*, 526 F.3d 1074, 1089 (7th Cir. 2008).

10. Where, as here, a plaintiff does not name a party in the EEOC charge, the plaintiff has failed to exhaust administrative remedies with respect to that party and, therefore, is barred from later bringing a claim against that party in federal court *Id*; *Espinal v. Rochelle Foods, Inc.*, 2010 WL 11882524 at 2 (10 C 50015) (N.D.Ill. June 29, 2010).

11. Applying these controlling rules here, STAMPLEY's motion should be granted.

12. First, there is no question that ADAMS did not file a charge of discrimination with the Illinois Human Rights Commission.

13. Moreover, he does not allege that he exhausted his state administrative remedies and received a final order from the Illinois Human Rights Commission.

14. Since he failed to obtain a final order from the Illinois Human Rights Commission, the above-mentioned counts should be dismissed with prejudice.

15. Likewise, ADAMS failed to name STAMPLEY in his EEOC charge.

16. Pursuant to this Court's standing order, STAMPLEY's attorney contacted ADAMS' attorney on July 7, 2025 and advised him of this motion.

17. ADAMS' attorney indicated that he would contest this motion.

WHEREFORE, the Defendant LAKISHA STAMPLEY requests that this Court grant her motion and enter an order dismissing Counts VII, VIII and IX with prejudice. STAMPLEY requests that this Court award her such other relief as this Court may deem appropriate.

Respectfully submitted,

/s/ Joel F. Handler
JOEL F. HANDLER (#1115812)
One E. Wacker Drive, Suite 3800
Chicago, Illinois 60601
(312) 832-0008
jhandler@handlerlawgroup.com
Attorney for the Defendant,
LAKISHA STAMPLEY