UNITED STATES DISTRICT COURT
NORTHERN DISTRICT—EASTERN DIVISION OF ILLINOIS

| | |
|---|---|
| KENTRAYLE ADAMS<br>Plaintiff, )<br>)<br>)<br>vs. )<br>)<br>BOARD OF TRUSTEES OF THE )<br>UNIVERSITY OF ILLINOIS, )<br>And LAKISHA STAMPLEY (n/k/a Winfrey), )<br>Defendants. ) | 1:25-cv-02169<br><br>Honorable Edmond E. Chang |

## AMENDED COMPLAINT AT LAW

Plaintiff Kentrayle Adams ("Plaintiff"), by his attorney Dan Walker of the Dan Walker

Law Office, states for his Amended Complaint against Defendant Board of Trustees of the

University of Illinois and against Defendant Lakisha Stampley as follows:

### I. NATURE OF THE ACTION

1.      This is an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et
seq., and the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/1-101 et seq., seeking redress for
unlawful sexual harassment, hostile work environment, and retaliation.

2.      Plaintiff also brings common-law tort claims for Intentional Infliction of Emotional
Distress and Negligent Supervision and Retention.

3.      Plaintiff seeks compensatory damages, punitive damages where permitted, attorney's
fees, costs, and all other relief available under federal and Illinois law.

### II. JURISDICTION AND VENUE

4.      This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1343, and 1345, and under 42
U.S.C. §2000e-5(f)(1).

5.      Plaintiff timely filed a charge of discrimination with the EEOC on October 6, 2023, and
received a Notice of Right to Sue on December 3, 2024.

6.      This Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C.
§1367.

1

7.      Venue is proper under 28 U.S.C. §1391 because the events giving rise to this action occurred in this District.

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

8.      On October 16, 2023, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (hereafter "EEOC").

9.      Under 775 ILCS 5/7A-102(A-1)(1) of the Illinois Human Rights Act, the Filing of a Charge with the EEOC constitutes the filing of a charge with the Illinois Department of Human Rights (hereafter "IDHR").

10.      Under 775 ILCS 5/7A-102 (A-1)(1) of the Illinois Human Rights Act, upon receipt of a notice from EEOC, the IDHR is mandated to notify the parties that (i) a charge has been received by the EEOC and has been sent to the Department for dual filing purposes; (ii) the EEOC is the governmental agency responsible for investigating the charge and that the investigation shall be conducted pursuant to the rules and procedures adopted by the EEOC; (iii) it will take no action on the charge until the EEOC issues its determination; (iv) the complainant must submit a copy of the EEOC's determination within 30 days after service of the determination by the EEOC on the complainant; and (v) that the time period to investigate the charge contained in subsection (G) of this Section is tolled from the date on which the charge is filed with the EEOC until the EEOC issues its determination.

11.      IDHR did not notify Plaintiff as required by 775 ILCS 5/7A-102 (A-1)(1), which included his obligation to submit a copy of the EEOC's determination within 30 days after service of the determination by the EEOC on the complainant.

12.      As a result of IDHR's failure to notify, Plaintiff did not know that he was obligated to notify IDHR within 30 days after service of the EEOC's determination on his Complaint. Plaintiff's obligation to do so under 775 ILCS 5/7A-102(A-1)(3) was then not required, and he is now deemed to have exhausted his administrative remedies.

## IV. PARTIES

13.      Plaintiff is an adult resident of Wheeling, Illinois.

14.      Defendant Board of Trustees of the University of Illinois ("Board") is a body corporate and politic organized under Illinois law and is the legal entity responsible for the operations of the University of Illinois at Chicago ("UIC") and UI Health.

15.      Defendant Lakisha Stampley, now known as Winfrey, was at all relevant times employed by the Board as a Staff Nurse II and at times acted as Plaintiff's supervisor.

2

## V. FACTS

16.     Plaintiff began employment with UIC in 2017 as a Mental Health Counselor I. In December 2022, he became a Behavioral Interventionist and later a Program Services Specialist.

17.     From 2022 through 2023, Plaintiff was subjected to repeated and escalating unwelcome sexual advances by Defendant Stampley.

18.     In January 2023, Stampley proposed an extramarital affair to Plaintiff. When he rejected her, she continued to pursue him, sending messages expressing romantic feelings, asking whether he reciprocated, and sending emojis blowing heart-shaped kisses.

19.     Plaintiff repeatedly told Stampley he did not share her feelings and did not want an emotional relationship.

20.     After Plaintiff rejected her advances, Stampley retaliated by making false and unfounded complaints about Plaintiff's ethics and work performance in an effort to sabotage his promotional opportunities.

21.     Plaintiff reported Stampley's conduct to UIC on April 25, 2023, and again during an interview with the Office of Access and Equity ("OAE") on April 26, 2023.

22.     Despite actual notice, UIC took no action for more than four months, stating it believed the situation would "blow over."

23.     During this period of inaction, Stampley continued to harass Plaintiff, including telling him she loved him, pressuring him to "process his feelings," and aligning her lunch breaks with his.

24.     On September 25, 2023, UIC's Director of Human Resources falsely informed Plaintiff that Stampley had filed a complaint against him and restricted him from the Adolescent Psych Unit—an essential part of his job duties.

25.     No such complaint or investigation ever existed.

26.     Plaintiff filed an additional complaint against Stampley in January 2025, and UIC again took no action.

27.     As a direct result of Defendants' conduct, Plaintiff suffered emotional distress, humiliation, anxiety, and other damages.

## COUNT I – TITLE VII: SEXUAL HARASSMENT (Against the Board)

28.     Plaintiff realleges and incorporates by reference paragraphs 1–27.

29.     Defendant Board subjected Plaintiff to sexual harassment and failed to take prompt and appropriate corrective action.

30..     As a result, Plaintiff suffered damages.

3

## COUNT II – TITLE VII: HOSTILE WORK ENVIRONMENT (Against the Board)

31. Plaintiff realleges paragraphs 1–27.

32. Defendant Board allowed severe or pervasive harassment that altered the conditions of Plaintiff's employment.

33. Plaintiff suffered damages.

## COUNT III – TITLE VII: RETALIATION (Against the Board)

34. Plaintiff realleges paragraphs 1–27.

35. Plaintiff engaged in protected activity by reporting sexual harassment.

36. Defendant Board retaliated by restricting his job duties and subjecting him to adverse treatment.

37. Plaintiff suffered damages.

## COUNT IV – IHRA: SEXUAL HARASSMENT (Against the Board)

38. Plaintiff realleges paragraphs 1–27.

39. Defendant Board tolerated and failed to correct sexual harassment in violation of the IHRA.

40. Plaintiff suffered damages.

## COUNT V – IHRA: HOSTILE WORK ENVIRONMENT (Against the Board)

41. Plaintiff realleges paragraphs 1–27.

42. Defendant Board allowed a hostile work environment in violation of the IHRA.

43. Plaintiff suffered damages.

## COUNT VI – IHRA: RETALIATION (Against the Board)

44. Plaintiff realleges paragraphs 1–27.

45. Defendant Board retaliated against Plaintiff for reporting harassment.

46. Plaintiff suffered damages.

4

## COUNT VII – IHRA: SEXUAL HARASSMENT (Against Stampley)

47.     Plaintiff realleges paragraphs 1–27.

48.     Defendant Stampley engaged in unwelcome sexual advances and conduct prohibited by the IHRA.

49.     Plaintiff suffered damages.

## COUNT VIII – IHRA: HOSTILE WORK ENVIRONMENT (Against Stampley)

50.     Plaintiff realleges paragraphs 1–27.

51.     Defendant Stampley's conduct created a hostile work environment.

52.     Plaintiff suffered damages.

## COUNT IX – IHRA: RETALIATION (Against Stampley)

53.     Plaintiff realleges paragraphs 1–27.

54.     Defendant Stampley retaliated against Plaintiff by making false complaints after he rejected her advances.

55.     Plaintiff suffered damages.

## COUNT X – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (Against Stampley)

56.     Plaintiff realleges paragraphs 1–27.

57.     Defendant Stampley engaged in extreme and outrageous conduct, including persistent unwanted pursuit and retaliatory false accusations.

58.     Defendant intended to cause or recklessly disregarded the probability of causing emotional distress.

59.     Plaintiff suffered severe emotional distress.

## COUNT XI – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (Against the Board)

60.     Plaintiff realleges paragraphs 1–27.

5

61.     Defendant Board engaged in extreme and outrageous conduct by ignoring Plaintiff's complaints, allowing harassment to continue, and taking adverse actions based on knowingly false information.

62.     Defendant intended to cause or recklessly disregarded the probability of causing emotional distress.

63.     Plaintiff suffered severe emotional distress.

## COUNT XII – NEGLIGENT SUPERVISION AND RETENTION (Against the Board)

64.     Plaintiff realleges paragraphs 1–27.

65.     Defendant Board owed Plaintiff a duty to exercise reasonable care in supervising and retaining its employees.

66.     Defendant Board knew or should have known of Stampley's misconduct and failed to take corrective action.

67      Defendant's negligence caused Plaintiff's injuries.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests:

a.     Compensatory damages;

b.     Punitive damages where permitted;

c.     Attorney's fees and costs;

d.     Pre- and post-judgment interest;

e.     Any other relief the Court deems just and proper.

Respectfully submitted,

Dan Walker
Attorney for Plaintiff
211 W. Chicago Ave. #109
Hinsdale, IL 60521
630-920-8800
dan@danlawpc.com

6